## ALFRED LIMAURO

*vs.*

## ISADORE GOLDSTEIN

Superior Court　　New Haven County　　File No. 60021

MEMORANDUM FILED JUNE 3, 1941.

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.

*Pond, Morgan & Morse,* of New Haven, for the Defendant.

FOSTER, J.　In the complaint of the plaintiff in this case it is alleged that on the 30th of November, 1940, the defendant was the owner of an automobile which he was operating at a point substantially opposite 134 Putnam Street in New Haven; that the defendant's automobile had been parked, and the defendant had entered the automobile with the intention of proceeding on his course along the highway, but, due to a large accumulation of snow at that point, he was unable to start his automobile, the wheels revolving in the snow but leaving the automobile stationary; that the defendant sought the assistance of the plaintiff in starting his automobile and asked the plaintiff to give the automobile a push from the rear; that the plaintiff, in compliance with the request of the defendant, placed himself at the rear of the automobile in order to push it forward; that the defendant without warning

or signal to the plaintiff suddenly put the automobile in gear and that the automobile suddenly moved backward, striking the plaintiff with great force and violence and throwing him to the ground, causing injury to him; that the defendant so operated his automobile as to cause it to move backward instead of forward; that the defendant knew that the plaintiff was standing in the rear of the automobile and knew or should have known that if the automobile moved suddenly backward it might seriously injure the plaintiff; that, although the defendant had ample opportunity to avoid injuring the plaintiff, the defendant neglected to avoid so injuring the plaintiff. These allegations of fact appearing in the complaint the court finds to be proved by a fair preponderance of the evidence. The defendant testifies in part as follows: "I asked the plaintiff to help me. I said, 'You get back of my car and push it.' After the accident I told him I had done a stupid thing."

I find that the defendant has failed to prove that any negligence of the plaintiff was a proximate cause of the plaintiff's injuries.

The plaintiff suffered a deviation of the septum of the nose requiring an operation to straighten it, which operation was performed on January 11, 1941. There remains a slight deviation of the tip of the nose, which is only discernible upon close examination when attention is called to it. The plaintiff was in the hospital two days. He also suffered some sprain of his back and shoulder and lacerations and contusion of the right knee. He is an automobile mechanic and was totally disabled eight weeks. His average earnings had been $20 to $25 per week. His hospital bill was $18. His doctors' bills were $372. He expended $32 for braces for his back and shoulder.

Judgment is rendered that the plaintiff recover from the defendant damages of $1,582.